UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

ACCESS NOW, INC., a
not-for-profit Florida corporation,
DARLENE J. MUDD, an individual,

      Plaintiffs,

vs.

S K PROPERTIES OF KANSAS, LTD.,
a foreign limited partnership,

      Defendant.

_____/

## COMPLAINT

      Plaintiffs, Access Now, Inc. ("Access Now") and Darlene J. Mudd ("Mrs. Mudd") (collectively, "Plaintiffs"), sue Defendant, S K Properties of Kansas, LTD., (the "Defendant"), and allege:

## JURISDICTION AND THE PARTIES

      1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*, and its implementing regulations.

      2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

      3.     This action is within the jurisdiction of the Court:

      A.     Mrs. Mudd is a resident of Port Charlotte, Florida, is *sui juris*, and a member of Access Now.  She is a qualified individual with disabilities under the ADA due to her being substantially limited in the major life activity of walking -

she primarily uses a crutch or walker inside her home, but requires a wheelchair when traveling outdoors.

B.      Access Now is a Florida not-for-profit corporation which is organized and existing in the State of Florida.  It is a national advocacy organization whose members include qualified persons with disabilities under the ADA and their non-disabled allies.  Its purpose is to educate persons and businesses on accessibility issues and to ensure full participation of all people with all types of disabilities in every community (*e.g.*, Access Now seeks to ensure that people with disabilities have access to — and do not encounter discrimination in — places of public accommodation).

C.      The Defendant is the landlord/owner of the real property and improvements that are the subject of this action known as Murdock Plaza, located at 1700 Tamiami Trail, Port Charlotte, Florida (the "Facility").  The Facility is a shopping plaza/center.  The Defendant is a foreign limited partnership, duly authorized to transact business within the State of Florida.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b):

A.      The events giving rise to this claim occurred in this Judicial District.

B.      The real property which is the subject of this action may be found in this Judicial District.

## FACTUAL BACKGROUND

5.      Over the past several years, Mrs. Mudd has been a regular patron at the Facility, and has a need to return in the future.

6.    During her visits to the Facility, Mrs. Mudd has personally encountered numerous and serious architectural barriers to access, which include but are not limited to the following:

      A.    Non-Compliant Parking. There are parking spaces designated as accessible that have no access aisles.  There are also parking spaces designated as accessible that have excessive slopes.

      B.    Non-Compliant Paths of Travel.  There are numerous non-compliant curb ramps throughout the Facility that connect the parking lot to various tenant/store entrances.

7.    Upon information and belief, the Defendant has been provided with notice regarding the above described ADA barriers/violations.  Despite requests to remove these ADA barriers/violations, the Defendant has failed to take corrective action.

8.    The problems encountered by Mrs. Mudd above makes wheelchair maneuvering very difficult, and in some cases, impossible, causing physical pain and economic hardship.  In other instances, Mrs. Mudd has been required to depend on the physical assistance of others to overcome these ADA barriers/violations.

9.    Mrs. Mudd will continue to go to the Facility and will do so in the near future, as she has a need for services offered at the Facility.

## COUNT I – VIOLATION OF THE ADA

Paragraphs 1 – 10 are realleged and incorporated as if fully set forth herein.

10.    The Facility is a shopping center and a place of public accommodation; therefore it is subject to Title III of the ADA.  42 U.S.C. § 12187(7)(E).

11.    The Defendant has discriminated, and continues to discriminate against Mrs. Mudd by denying her access to the full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Facility as prohibited by 42 U.S.C. § 12182 et seq.; and by failing to remove architectural barriers as required by 42 U.S.C. ' 12182(b)(2)(A)(iv).

12.    Specifically, the Defendant violates 42 U.S.C. §§ 12182, *et seq.*, and 28 C.F.R. §§ 36.302, *et seq.* (the federal regulations implementing the requirements of the ADA), in the following ways:

      A.    Non-compliant parking; and

      B.    Non-compliant paths of travel.

13.    The Defendant has also violated 42 U.S.C. §§ 12183 by failing to make alterations that are, to the maximum extent feasible, readily accessible to and useable by individuals with disabilities.

14.    On information and belief, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the ADA.

15.    On information and belief, there are other readily achievable barriers that exist in other parts of the Facility that have not been remedied.

16.    Mrs. Mudd and other members of Access Now with disabilities will continue to be injured by Defendant's failure to comply with the ADA and its continued acts of discrimination.

17.    Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action and are entitled to recover those attorney fees, expert fees, costs, and expenses incurred in this case from the Defendant.  42 U.S.C. § 12205; 28 C.F.R. § 35.175.

18.     Mrs. Mudd has a definite need and intention to return to the Facility in the future.

19.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiffs demand judgment against Defendant and request, as injunctive and declaratory relief, that the Court enter an Order:

A.     Declaring that the Facility owned by the Defendant is discriminatory and violates the ADA by denying Plaintiffs meaningful access to the Facility;

B.     Requiring Defendant to alter the Facility to make it accessible to and usable by Plaintiffs and other individuals with disabilities to the extent required by Title III of the ADA;

C.     Directing Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures at the Facility;

D.     Mandating Defendant to remove all architectural barriers to the extent that it is readily achievable and technically feasible to do so, or provide alternative means when appropriate;

E.     Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to Plaintiffs;

F.     Awarding such other relief the Court deems proper; and

Case No.

      G.     Retaining jurisdiction of this case until the Defendant has fully

complied with the orders of this Court.

**DATED:** July 26, 2011

                      Respectfully submitted,

                      **DE LA O, MARKO,**
                      **MAGOLNICK & LEYTON**
                      Attorneys for Plaintiffs
                      3001 S.W. 3rd Avenue
                      Miami, Florida 33129
                      Telephone: (305) 285-2000
                      Facsimile:   (305) 285-5555

                      By:   /s/ Charles D. Ferguson
                        **Charles D. Ferguson**
                        Florida Bar No. 0741531
                        ferguson@dmmllaw.com